963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary L. LOVEN, Plaintiff-Appellant,
v.
GUY F. ATKINSON COMPANY, a Nevada corporation, Defendants-Appellees.
 No. 91-35083.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 18, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge and CROCKER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant, Gary L. Loven, appeals summary judgment against him in favor of Guy F. Atkinson Co. Loven had sued Atkinson for unpaid compensation and breach of contract arising under Oregon Revised Statutes §§ 652.110 to 652.250, and asks for attorney's fees pursuant to Oregon Statute § 652.200.
 
 
 4
 The District Court had diversity jurisdiction, and we have jurisdiction under 28 U.S.C. § 1291 from the final judgment.
 
 
 5
 Gary L. Loven was president and general manager of Bingham International, Inc. a subsidiary of Guy F. Atkinson Co. when Sulzer Brothers obtained an option to purchase Bingham International. Atkinson gave Loven a "comfort letter" which provided, amongst other things, that if Sulzer Brothers purchased Bingham and terminated Loven within 18 months, Atkinson would "pay [Loven] eighteen additional months of full base salary."
 
 
 6
 The undisputed facts are that Sulzer Brothers purchased Bingham on June 1, 1988 and Loven became president of the new entity, Sulzer Bingham Pumps, Inc. On November 27, 1989, Loven was told that the corporate management wanted him to resign. On November 30, 1989, Loven and Sulzer entered into a separation agreement which states: "In exchange for G.L. Loven's notice of intent to resign " he was to receive his base monthly salary and benefits for six (6) months. In addition, Loven received his regular salary and full benefits for the entire month of November 1989.
 
 
 7
 The only issue before the District Court and this court is the date Loven was legally terminated.
 
 
 8
 Although Loven argues that he was terminated on November 27, 1989, and that the date of his termination was a question of fact for a jury to determine, the District Court properly determined that where the parties disagree about the legal consequences of the undisputed facts, it becomes a question of law for the court to decide.
 
 
 9
 We agree with the District Court that under these undisputed facts, Loven was employed through the entire month of November, 1989, and that his termination occurred after the 18-month period in which he could enforce the terms of the Atkinson "comfort letter."
 
 
 10
 Therefore, summary judgment is affirmed, and attorney's fees are denied.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs, without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Myron D. Crocker, Senior United States District Judge, Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3